<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **A.K.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY**, <br><br> Defendant. | Civil Action No. 25-2818 (ZNQ) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff A.K.'s ("Plaintiff") appeal of the Social Security Administration's ("Defendant") January 15, 2025 denial of Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

  After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 7), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority. Accordingly, the ALJ's decision to deny Plaintiff DIB will be **AFFIRMED**.

1

I.        **BACKGROUND AND PROCEDURAL HISTORY**

A.        **PROCEDURAL POSTURE**

On March 25, 2024, Plaintiff filed an application for DIB, alleging disability beginning on January 8, 2018.  (AR at 128–32, 153.)  Plaintiff last met the insured status requirements of the Act on June 30, 2020.  (AR at 13, 56–57.)  Plaintiff alleged disability due to anxiety, schizoaffective disorder, and fibromyalgia.  (AR at 153.)  Plaintiff's claim was denied on both the initial and reconsideration reviews.  (AR at 50–64.)

At Plaintiff's request, an ALJ held a hearing on January 6, 2025, at which Plaintiff and an impartial vocational expert testified.  (AR at 25–49.)  Plaintiff elected to proceed without counsel after the ALJ reminded him of his right to legal representation and offered to postpone the hearing.  (AR at 27–28.)  On January 15, 2025, the ALJ issued a written decision finding Plaintiff was not disabled under the Act from January 8, 2018, his alleged onset date, through June 30, 2020, his date last insured.  (AR at 11–19.)  The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.[1]  (AR at 1–3.)

On April 15, 2025, Plaintiff filed a Complaint in the District of New Jersey seeking a review of the ALJ's decision.  (ECF No. 1.)  Plaintiff thereafter filed two letter briefs in support of his appeal.  (ECF Nos. 8–9.)  Defendant filed an Opposition ("Opp.," ECF No. 11), to which Plaintiff subsequently filed four letter briefs in response (ECF Nos. 12–15).[2]

B.        **ALJ DECISION**

The ALJ denied Plaintiff's DIB application.  (AR at 11–19.)  Following the Act's five-step disability determination process, the ALJ made several findings.

---

[1] Plaintiff raises the change in Commissioner while this matter is ongoing.  (ECF No. 14 at 9.)  Given that Defendant is sued in his official capacity, this has no bearing on the Court's analysis.  *See* Fed. R. Civ. P. 25(d).
[2] ECF No. 12 appears to be a duplicate of ECF Nos. 8–9.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity after his alleged disability onset date of January 8, 2018.  (AR at 13.)  At step two, the ALJ found Plaintiff had the following severe impairments: schizoaffective disorder, depressive type, and anxiety disorders.  (AR at 13.)  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR at 14–15.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), with the following limitations: no climbing ladders, ropes, or scaffolds; no heights; frequent climbing of ramps and stairs and performing postural movements; occasional exposure to dust, odors, wetness, gases, fumes, and poor ventilation; only simple, routine tasks; simple work-related decisions; occasional workplace changes; occasional interaction with coworkers and supervisors; and no direct interaction with the public.  (AR at 15.)  The ALJ further found Plaintiff had no qualifying past relevant work.  (AR at 18.)

At step five, the ALJ accepted the testimony of the vocational expert and concluded that Plaintiff could perform several representative occupations existing in significant numbers in the national economy.  (AR at 18–19, 45–46.)  Accordingly, the ALJ found Plaintiff not disabled from January 8, 2018, through June 30, 2020.  (AR at 19.)

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), which authorizes judicial review of final decisions of the Commissioner of Social Security.  The Appeals Council denied Plaintiff's request for review, rendering the ALJ's January 15, 2025 decision the Commissioner's final decision.  (AR at 1–3, 19.)

3

III.   **LEGAL STANDARD**

A.  **STANDARD OF REVIEW**

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   42 U.S.C. § 405(g); *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001).   To survive judicial review, the Commissioner's decision must be supported by substantial evidence.  *See Richardson v. Perales,* 402 U.S. 389, 401 (1971).   Substantial evidence is "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Id.* (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)).   In other words, substantial evidence "may be somewhat less than a preponderance of the evidence."  *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir. 1971).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder."  *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005) (citation modified).   Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *See Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001).   The court must "review the record as a whole to determine whether substantial evidence supports a factual finding."  *Zirnsak v. Colvin,* 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999)).   And "since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper.  *Cotter v. Harris,* 642 F.2d 700, 706–07 (3d Cir. 1981).

4

Because Plaintiff proceeds *pro se,* the Court construes his submissions liberally. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, even under this standard Plaintiff bears the burden at steps one through four of the sequential evaluation process of establishing that he is disabled within the meaning of the Act. *See Smith v. Comm'r of Soc. Sec.,* 631 F.3d 632, 634 (3d Cir. 2010). Liberal construction does not relieve Plaintiff of that burden or permit the Court to re-weigh the evidence or substitute its judgment for that of the ALJ. *See Rutherford*, 399 F.3d at 552 (3d Cir. 2005); *see also Lourdes G. on behalf of R.E.G. v. O'Malley*, Civ. No. 22-6216, 2024 WL 3289647, at *4 (D.N.J. July 3, 2024) ("Despite this liberal construction, however, unrepresented litigants are not relieved from the rules of procedure and the requirements of substantive law.").

**B.      APPLICABLE LAW**

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.,* 631 F.3d

632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.,* 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows.

At step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the claimant is not disabled.

At step two, the ALJ decides whether the claimant has a "severe impairment" or combination of impairments that considerably restricts the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, then the inquiry ends because the claimant is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the claimant's impairment or combination of impairments meets the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d). If so, then the claimant is presumed to be disabled if the impairment has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the claimant's RFC and analyze whether Plaintiff can perform past relevant work. *See* 20 C.F.R. § 404.1520(e). Under 20 C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." If the claimant can perform past relevant work, then the inquiry ends because the claimant is not disabled. *See* 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the claimant, considering the claimant's RFC, age, education, and work experience, can perform other jobs that exist in

significant numbers in the national economy.  *See* 20 C.F.R. § 404.1520(g).  If the ALJ determines that the claimant can do so, then the claimant is not disabled.  Otherwise, the claimant is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## IV.   <u>DISCUSSION</u>

Plaintiff advances several arguments across his multiple submissions, most of which appear to be unrelated to whether the ALJ's determination was supported by substantial evidence.[3] In construing his *pro se* filings liberally, the Court interprets Plaintiff's submissions to argue that: (1) the ALJ's RFC determination is not supported by substantial evidence; and (2) the ALJ erred at step five in finding that jobs exist in significant numbers in the national economy that Plaintiff can perform.  The Court will address each argument in turn.

### A. WHETHER THE ALJ'S RFC DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

A claimant's RFC represents the most he can do in a work setting notwithstanding his functional limitations.  *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ alone is responsible for determining a claimant's RFC.  *See* 20 C.F.R. § 404.1546(c).  In assessing Plaintiff's RFC, the ALJ considered Plaintiff's testimony, the objective medical evidence, and Plaintiff's reported activities of daily living.  (AR at 15–18.)  The record contained no medical opinions.  (AR at 17.)  The ALJ therefore based her RFC determination on the longitudinal treatment evidence and Plaintiff's own reported functioning.

---

[3] Plaintiff's submissions raise contentions that do not constitute cognizable legal claims—including requests that the Court independently calculate and issue back-pay, objections to the use of case law as a matter of principle, or arguments grounded in personal theology—which the Court will not address because they do not bear on the legal questions properly before it.

The record reflects that the ALJ carefully considered the relevant medical and non-medical evidence in assessing Plaintiff's RFC from January 8, 2018, through June 30, 2020.

The ALJ acknowledged Plaintiff's March 2018 inpatient mental health hospitalization, during which Plaintiff was diagnosed with schizoaffective disorder, depressive type. (AR at 17, 699–700.)  On admission, Plaintiff was anxious with poor insight; however, his behavior was normal, his thought processes were linear and logical, and no psychosis or delusional thought processes were observed.  (AR at 17, 699–700, 707, 709–10.)  Plaintiff received a two-week treatment course, began psychotropic medications, and was discharged in improved condition. (AR at 17, 699–706.)

For the remainder of the relevant period, the ALJ noted that Plaintiff received no mental health treatment.  (AR at 17.)  Instead, Plaintiff attended only routine primary care appointments. At an October 2018 annual examination, Plaintiff denied any mental symptoms despite not taking medication for depression or anxiety, and his examination revealed normal mood, appropriate affect, intact insight and judgment, and no abnormal thought processes.  (AR at 17, 314–17.)  At an October 2019 annual examination, Plaintiff presented with an unremarkable mental status, including normal mood, affect, behavior, judgment, and thought content.  (AR at 17, 476, 478.) At a March 2020 new patient examination, Plaintiff again denied mental complaints and reported that his anxiety was controlled without medication; physical and mental examinations were normal.  (AR at 17, 471–75.)  The ALJ noted there was no further treatment in the record before Plaintiff's date last insured.  (AR at 17.)

The ALJ also considered Plaintiff's reported activities of daily living.  The record reflects that Plaintiff was able to manage his personal care and finances, prepare meals, clean, drive, use public transportation, shop in stores and via the internet, dine in restaurants, read, write, draw,

watch television, follow instructions, pay attention without limitation, finish tasks to completion, and get along well with others, including authority figures. (AR at 17, 169–75.)

Based on this record, the ALJ assessed an RFC for a range of medium work with significant mental limitations, restricting Plaintiff to simple, routine tasks; simple decision-making; occasional workplace changes; occasional interaction with coworkers and supervisors; and no direct interaction with the public. (AR at 15, 17.) The ALJ explained that this RFC was shaped in a manner that gave Plaintiff the benefit of the doubt when it came to his impairments. (AR at 17.)

To the extent Plaintiff argues that his conditions are more limiting than the ALJ found, the Court may not re-weigh the evidence or substitute its own conclusions for those of the ALJ. *See Rutherford,* 399 F.3d at 552. The question is not whether the Court would have reached the same result, but whether substantial evidence supports the ALJ's determination. *See Fargnoli,* 247 F.3d at 38. Moreover, a diagnosis alone does not establish that an impairment is disabling; what matters is the functional effect of the condition during the relevant period. *See Hartranft v. Apfel,* 181 F.3d 358, 362 (3d Cir. 1999) ("Allegations of pain and other subjective symptoms must be supported by objective medical evidence.").

The Court is satisfied, upon review of the record, that the ALJ's RFC determination is supported by substantial evidence. The ALJ thoroughly reviewed the relevant treatment record, appropriately considered Plaintiff's subjective allegations, and fashioned an RFC that accounted for Plaintiff's mental limitations. The ALJ's conclusion is consistent with the weight of the medical evidence, which reflects that during the relevant period, Plaintiff's clinical examinations were largely normal, his mental status was largely unremarkable, and his daily functioning was

largely preserved.  (AR at 17, 169–75, 314–17, 471–75, 476, 478.)  Plaintiff's argument therefore fails.

      **B.**      **WHETHER THE ALJ'S STEP FIVE FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

At step five of the sequential evaluation process, the burden shifts to the Commissioner to demonstrate that Plaintiff, given his RFC and vocational profile, can perform other work existing in significant numbers in the national economy.  *See* 20 C.F.R. § 404.1520(g); *Smith,* 631 F.3d at 634.  Testimony from a vocational expert in response to a hypothetical question that fairly reflects the claimant's established limitations constitutes substantial evidence sufficient to satisfy the Commissioner's burden at step five.  *See Plummer v. Apfel,* 186 F.3d 422, 431 (3d Cir. 1999); *Rutherford,* 399 F.3d at 553–54.

Here, the ALJ relied on vocational expert testimony to conclude that an individual with Plaintiff's RFC and vocational profile—a younger individual with at least a high school education and no qualifying past relevant work—could perform several representative occupations existing in significant numbers in the national economy.  (AR at 18–19, 45–46.)  The ALJ's hypothetical to the vocational expert fairly reflected Plaintiff's credibly established limitations as captured in the RFC.  (AR at 15, 44–46.)  Accordingly, the vocational expert's testimony constitutes substantial evidence supporting the step five finding.

Plaintiff has not identified any specific conflict between the vocational expert's testimony and the Dictionary of Occupational Titles that would undermine the ALJ's step five finding.  *See* SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000) (conflicts between vocational expert testimony and the DOT must be identified and resolved by the ALJ).  General objections to the step five finding, untethered to the record, are insufficient.  *See Plummer,* 186 F.3d at 431.  Therefore, Plaintiff's challenge to the ALJ's step five finding fails.

## V.    <u>**CONCLUSION**</u>

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision.  An appropriate

Order will follow.


Date: April 13, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**

**UNITED STATES DISTRICT JUDGE**
